GREGORY E. JACKSON, WSBA #17541
FREIMUND JACKSON TARDIF &
BENEDICT GARRATT, PLLC
711 Capitol Way South, Suite 602
Olympia, WA 98501
(360) 534-9960 Telephone
(360) 534-9959 Fax
gregj@fjtlaw.com
Attorney for Defendants
FREEDOM FIDELITY
MANAGEMENT, INC.,

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY PARKINSON & LINDA ROBERTS, individually and on behalf of a Class of similarly situated Washington families,<br><br>            Plaintiffs,<br><br>      v.<br><br>FREEDOM FIDELITY MANAGEMENT, INC., a California corporation, d/b/a FREEDOM FINANCIAL MANAGEMENT, and JOHN DOES 1-5,<br><br>            Defendants. | No.<br><br>**NOTICE FOR REMOVAL TO FEDERAL COURT** |

Defendant, FREEDOM FIDELITY MANAGEMENT, INC. d/b/a

FREEDOM FINANCIAL MANAGEMENT ("FREEDOM"), pursuant to 28

U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"),

as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of all

NOTICE OF REMOVAL TO FEDERAL COURT - 1

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

1  defenses, hereby removes this action from the Superior Court, State of

2  Washington, County of Stevens, to the United States District Court for the

3  Eastern District of Washington.   In support of this Notice of Removal,

4
5  FREEDOM states the following:

6  **Basis for Jurisdiction**

7      1.     This Court has jurisdiction over this removed action pursuant to
8
9  28 U.S.C. §§ 1332(d), 1441, and 1453.  This action could have been filed

10 originally in this Court pursuant to 28 U.S.C. § 1332(d)(2), because it is a

11 putative class action wherein at least one plaintiff is a citizen of a State
12
13 different from at least one defendant, and the matter in controversy exceeds

14 $5,000,000 in the aggregate.

15 **Background**
16
17     2.     As alleged in the Class Action Complaint, Plaintiffs and the

18 class they seek to represent are customers of FREEDOM who contracted for

19 certain debt settlement services (Compl. ¶ 4.7).   On August 5, 2010,
20
21 Plaintiffs  commenced  this  lawsuit  against  FREEDOM  as  well  as

22 Defendants, JOHN DOES 1-5, in the Superior Court, State of Washington,

23 County of Stevens, with the above caption and case number 2010-2-00404-
24
25 0.  The Class Action Complaint alleges claims against all Defendants for

26 violations of Wash. Rev. Code Ann. § 18.28.080, et. seq. commonly known

NOTICE OF REMOVAL TO FEDERAL COURT - 2

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

as Washington's "Debt Adjuster Statute" (Compl. ¶¶ 4.8-4.19) and violations of Wash. Rev. Code Ann. § 19.86, et. seq. commonly known as Washington's "Consumer Protection Act" Compl. ¶¶ 5.1-5.5).

### This Case is a "Class Action" under CAFA

3.     This case is a putative "class action" as defined by 28 U.S.C. § 1332(d)(1)(B).  According to 28 U.S.C. § 1332(d)(1)(B), the term "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one (1) or more representative persons as a class action.

4.     According to the Class Action Complaint, Plaintiffs bring this class action pursuant to CR 23(b) (Compl. ¶¶ 5.12-5.19), and on behalf of all of FREEDOM'S Washington customers (Compl. ¶ 5.12).  CR 23 is the State rule similar to Fed.R.Civ.P. 23 which authorizes an action to be brought by one (1) or more representative persons as a class action.  Accordingly, this action classifies as a class action under by 28 U.S.C. § 1332(d)(1)(B).

5.     **The CAFA Requirements are Met.**     Federal district courts have original jurisdiction over any purported class action in which (i) any member of a class of plaintiffs is a citizen of a state different from any defendant and (ii) the amount in controversy exceeds $5,000,000 in the

NOTICE OF REMOVAL TO FEDERAL COURT - 3

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

aggregate. *See* 28 U.S.C. § 1332(d)(2). Each of these requirements is satisfied in this case.

6. **Diversity Requirement**. The diversity requirement is met in this case.

   a. **Citizenship of Plaintiff**. Plaintiffs, the proposed class representatives, are residents of the state of Washington. (Compl. ¶ 2.1).

   b. **Citizenship of Defendants**. FREEDOM is a California corporation (Compl. ¶ 2.2) with its principal place of business located at 1901 East Alton Avenue, Suite 240, Santa Anna, California 92705. Specifically, Plaintiffs, citizens of Washington, are diverse from FREEDOM, a California corporation, and for purposes of removal under CAFA, a citizen of the State of California. *See* 28 U.S.C. § 1332(d)(2)(A). *Myrick v. Nationwide Mutual Ins. Co.*, No. C07-1778MJP, 2008 WL 53183 at *1 (W.D. Wash. Jan. 3, 2008) ("minimum diversity requirement is met [when] at least one member of the class is a citizen of a state different from any defendant . . .")

7. **Amount in Controversy**. Based on the factual allegations of the Class Action Complaint and the Notice of Removal, construed as true for

NOTICE OF REMOVAL TO FEDERAL COURT - 4

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

the purposes of assessing removal jurisdiction, the amount in controversy here exceeds $5,000,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The Class Action Complaint seeks damages for each class member based on violations of Washington's Debt Adjuster Statute and Consumer Protection Act. Plaintiffs further seek injunctive relief, attorneys' fees, costs, and treble damages.

8.    When a complaint does not specify the amount of damages sought, the removing party must establish that the requisite amount exceeding $5,000,000.00 has been met by a preponderance of the evidence. *See Somal v. Allstate Property and Casualty Ins. Co.*, No. C09-1064RSL, 2009 WL 3126452 at *1 (W.D. Wash. Sept. 28, 2009). According to this standard, a court must find that the evidence establishes that it is "more likely than not" that the amount in controversy exceeds $5,000,000.00. *Id.* The "[d]efendant must set forth the 'underlying facts' supporting its assertion that the amount in controversy satisfies the federal jurisdictional requirement.'" *Id.* (citing to *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

9.    The Class Action Complaint in this case fails to specify the amount of damages being sought for the claims raised therein. However, as

NOTICE OF REMOVAL TO FEDERAL COURT - 5

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

discussed below, it is more likely than not that the amount in controversy in this case exceeds the jurisdictional amount of $5,000,000.00.[1]

10.    Plaintiffs' Class Action Complaint alleges violations of the Washington Debt Adjuster Statute.  Violations of the Debt Adjuster Statute constitute violations of Washington's Consumer Practices Act.  Wash. Rev. Code Ann. § 18.28.185.  Violations of the Consumer Practices Act can result in treble damages awards, not to exceed $25,000.00, as well as, an award for costs and attorneys' fees. *See Peck v. Cingular Wireless, LLC*, No. C09-106Z, 2009 WL 775385 at *2 (W.D. Wash. Mar. 20, 2009) and Wash. Rev. Code Ann. § 19.86.090.   For purposes of removal, it is appropriate to consider potential treble damages awards, and attorneys' fees if the underlying statute provides for recovery of them, in calculating the amount in controversy required under CAFA.  *See Peck*, 2009 WL 775385 at *2; *Jepson v. Ticor Title Ins. Co.*, No. C06-1723, 2007 WL 3171442 at *3 (W.D. Wash. Oct. 26, 2007); *Somal*, 2009 WL 3126452 at *3.

---

[1] Of course, FREEDOM does not in any way admit that Plaintiffs or the class they seek to represent would be entitled to damages that meet or exceed $5,000,000.00, but that is not the standard.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not the proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation.")

NOTICE OF REMOVAL TO FEDERAL COURT - 6

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

11.   FREEDOM has 276 Washington residents as clients. The total amount of money collected by FREEDOM from these residents is $909,106.02. See Declaration of Tom Moore attached hereto as Exhibit "A." Dividing this $909,106.02 by 276 demonstrates that the average resident paid FREEDOM $3,293.86. When treble damages are added to this amount, the total is $13,175.44 per resident. 276 residents multiplied by $13,175.44 in damages for each resident equals a total of $3,636,421.44. When interest, costs and, as discussed below, attorneys' fees are added to this number, the amount in controversy exceeds the threshold $5,000,000.00 minimum.

12.   Attorneys' fees are included in the removal analysis if they are an element of recovery under the underlying statute, which under Washington's Consumer Protection Act they are. Thus, the amount in controversy in this case exceeds $5,000,000.00. Indeed, in a complex class action a reasonable attorneys' fee could amount to forty percent (40%) of the class recovery, or almost 1.5 million dollars here, which when added to the damages detailed in paragraph eleven (11) demonstrates that the threshold amount of $5,000,000.00 is exceeded even before court costs and interest are added. For purposes of this removal only, this Court should also consider Wash Rev. Code Ann. § 19.86.140, which provides that for each violation of

NOTICE OF REMOVAL TO FEDERAL COURT - 7

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

§ 19.86.020, the defendant "shall pay a civil penalty of not more than two thousand dollars for each violation." If we multiply $2,000.00 for each of the 276 residents, there is an additional $552,000.00 which, if considered, brings the total exposure to $4,188,421.44 before attorneys' fees, costs and interests are included. Accordingly, considering the potential for awards for both treble damages and attorneys' fees and civil penalties, FREEDOM clearly meets the standard, by a preponderance of the evidence, in establishing the amount in controversy requirement set forth in CAFA for this claim.

13. **No Exceptions to Diversity Jurisdiction Apply.** Removal is proper because the exceptions set forth in 28 U.S.C. § 1332(d) do not apply.

14. **Other Defendants Do Not Need to Join Notice of Removal Here.** Pursuant to 28 U.S.C. § 1453, a class action "...may be removed without the consent of the other defendants."[2]

15. **Notice Given.** Written notice of the filing of the Notice of Removal will be promptly served on both Plaintiffs' and Defendants' counsel, and a copy will be promptly filed with the Clerk of the Superior

---

[2] *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (noting that 28 U.S.C. § 1453 overrides the judicially-developed requirement that each defendant consent to removal); *See Also Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006) (the rule of unanimity, which requires the consent of all properly-served defendants in the notice of removal, is suspended in cases where the Class Action Fairness Act applies).

FREIMUND JACKSON TARDIF & BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

1   Court, State of Washington, County of Stevens, pursuant to 28 U.S.C.

2   § 1446(d). A copy of the Notice of Filing of Notice of Removal to Federal

3   Court is attached as Exhibit "B."

4

5          16.   **Removal is Timely Filed.**      This Notice has been timely

6   filed within thirty (30) days of service of process of the Class Action

7   Complaint and Summons, and within one year after commencement of the

8
9   action, as allowed by 28 U.S.C. § 1446(b).[3]   On September 1, 2010,

10  FREEDOM was served with a copy of the Class Action Complaint and

11  Summons. A true and correct copy of all process and pleadings received by
12
13  FREEDOM is attached hereto as Composite Exhibit "C."

14         17.   **Pleadings and Process.**   As required by 28 U.S.C. § 1446(a),

15  FREEDOM has attached copies of all state court process and pleadings to
16
17  this Notice of Removal. A true and correct copy of all process, pleadings,

18  and orders received by FREEDOM is attached hereto as Composite Exhibit

19  "C."
20

21         18.   **Venue.**      Venue in this District is proper pursuant to 28

22  U.S.C. § 1446(a) because this action is currently pending in the Superior

23

24

25         [3] FREEDOM does not waive the defense of lack of personal jurisdiction through
26  the filing of this Notice.

NOTICE OF REMOVAL TO FEDERAL COURT - 9

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

1  Court, State of Washington, County of Stevens, which is included in the

2  Eastern District of Washington.

3      19.    **Non-Waiver of Defenses.**      Nothing in this Notice shall be

4
5  interpreted as a waiver or relinquishment of FREEDOM'S right to assert any

6  defense or affirmative matter, including without limitation a motion to

7  dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

8
9      **ACCORDINGLY**, this Court has jurisdiction over this matter,

10  pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and FREEDOM

11
   hereby removes this action from the Superior Court, State of Washington,
12
13  County of Stevens, to this Court.

14      Respectfully submitted this 1st day of October, 2010.

15

16                    FREIMUND JACKSON TARDIF &
                      BENEDICT GARRATT, PLLC
17

18                    s/Gregory E. Jackson
                      GREGORY E. JACKSON, WSBA #17541
19                    711 Capitol Way S., Suite 602
                      Olympia, WA 98501
20                    (360) 534-9960
                      (360) 534-9959 (facsimile)
21                    Attorneys for Defendant
                      Freedom Fidelity Management, Inc.
22

23

24

25

26

NOTICE OF REMOVAL TO FEDERAL COURT - 10

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

# CERTIFICATE OF SERVICE

1

2   I hereby certify that on October 1, 2010, I electronically filed the

3   foregoing with the Clerk of the Court using the CM/ECF system which will

4   send notification of such filing to the following:

5          THE SCOTT LAW GROUP, P.S.
            Darrell W. Scott
6          darrellscott@mac.com
            Matthew J. Zuchetto
7          matthewzuchetto@mac.com
            926 West Sprague Avenue, Suite 680
8          Spokane, WA 99201

9

10

11                              /s/
                                 Janice Flaherty
                                 Freimund Jackson Tardif &
12                               Benedict Garratt, PLLC
                                 711 Capitol Way S., Suite 602
13                               Olympia, WA 98501
                                 (360) 534-9960
14                               Fax: (360) 534-9959
                                 janicef@fjtlaw.com
15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL TO FEDERAL COURT - 11

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

# EXHIBIT A

1  GREGORY E. JACKSON, WSBA #17541
   FREIMUND JACKSON TARDIF &
2  BENEDICT GARRATT, PLLC
   711 Capitol Way South, Suite 602
3  Olympia, WA 98501
   (360) 534-9960 Telephone
4  (360) 534-9959 Fax
   gregj@fjtlaw.com
5  Attorney for Defendants
   FREEDOM FIDELITY
6  MANAGEMENT, INC.,

7

8              UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF WASHINGTON
9

10 | JERRY PARKINSON & LINDA          | No.
   | ROBERTS, individually and on
11 | behalf of a Class of similarly situated | **DECLARATION OF**
   | Washington families,             | **TOM MOORE**
12 |
13 |           Plaintiffs,
14 |
   |      v.
15 |
16 | FREEDOM FIDELITY
   | MANAGEMENT, INC., a California
17 | corporation, d/b/a FREEDOM
   | FINANCIAL MANAGEMENT,
18 | and JOHN DOES 1-5,
19 |
20 |           Defendants.

21

22      Pursuant to 28 U.S.C. § 1746, I, Tom Moore, declare the following:

23      1.      I have personal knowledge of the facts stated herein.    This

24 Declaration is made in support of Freedom Fidelity Management, Inc. d/b/a

25
26 Freedom Financial Management's ("FREEDOM") Notice of Removal.

DECLARATION OF TOM MOORE  - 1          FREIMUND JACKSON TARDIF & BENEDICT
                                                GARRATT, PLLC
                                          711 Capitol Way S., Suite 605
                                          Olympia, Washington 98501
                                          Telephone: (360) 236-9858
                                          Facsimile: (360) 236-9860

13

2.    I am the in-house attorney for FREEDOM. As in-house counsel I am familiar with the books and records of FREEDOM.

3.    FREEDOM is a California corporation with its principal place of business at 1901 East Alton Avenue, Suite 240, Santa Anna, California 92705.

4.    I have reviewed the books and records of FREEDOM. There are approximately 276 residents of the State of Washington who are or have been clients of FREEDOM and who, therefore would be potential members of the plaintiff class as alleged in the Complaint.

5.    FREEDOM has collected approximately $ 909,106.02 in total from residents of the State of Washington.

I declare under perjury that the foregoing is true and correct.

DATED this _15t_ day of October, 2010.

TOM MOORE

DECLARATION OF TOM MOORE - 2

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

14

## CERTIFICATE OF SERVICE

1

2    I hereby certify that on October 1, 2010, I electronically filed the

3    foregoing with the Clerk of the Court using the CM/ECF system which will

4    send notification of such filing to the following:

5    THE SCOTT LAW GROUP, P.S.
     Darrell W. Scott
6    darrellscott@mac.com
     Matthew J. Zuchetto
7    matthewzuchetto@mac.com
     926 West Sprague Avenue, Suite 680
8    Spokane, WA 99201

9

10

11   /s/_____
     Janice Flaherty
12   Freimund Jackson Tardif &
     Benedict Garratt, PLLC
13   711 Capitol Way S., Suite 602
     Olympia, WA 98501
14   (360) 534-9960
     Fax: (360) 534-9959
15   janicef@fjtlaw.com

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF TOM MOORE - 3

FREIMUND JACKSON TARDIF & BENEDICT
GARRATT, PLLC
711 Capitol Way S., Suite 605
Olympia, Washington 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

15

# EXHIBIT B

1

2

3

4

5

6

7        **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
        **IN AND FOR THE COUNTY OF STEVENS**

8
   JERRY PARKINSON & LINDA                    NO. 2010 2 00404 0
9  ROBERTS, individually and on behalf of a
   Class of similarly situated Washington     NOTICE OF REMOVAL TO
10 familes,                                    FEDERAL COURT

11              Plaintiffs,

12                  v.

13 FREEDOM FIDELITY MANAGEMENT,
   INC., a California corporation, d/b/a
14 FREEDOM FINANCIAL MANAGEMENT,
   and JOHN DOES 1-5,
15
                Defendants.
16

17      Defendant, FREEDOM FIDELITY MANAGEMENT, INC. d/b/a FREEDOM

18 FINANCIAL MANAGEMENT, hereby files the attached Notice of Removal, filed in the

19 United States District Court for the Eastern District of Washington on October 1, 2010.

20
   Pursuant to 28 U.S.C. § 1446(d), the filing of this notice effects the removal of this case, and
21
   this Court shall proceed no further unless the case is remanded from the federal court.
22

23 //

24 //

25 //

26

NOTICE OF REMOVAL TO FEDERAL
COURT - 1

FREIMUND JACKSON TARDIF& BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

17

1  DATED this 1st day of October, 2010.

2

3

4       GREGORY E. JACKSON, WSBA #17541
        Freimund Jackson Tardif & Benedict Garratt, PLLC
5       711 Capitol Way South, Suite 602
        Olympia, WA 98501
6       (360) 534-9960 Telephone
        (360) 534-9959 Fax
7       gregj@fjtlaw.com
        Attorneys for Defendant
8       Freedom Fidelity Management, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL TO FEDERAL
COURT - 2

FREIMUND JACKSON TARDIF& BENEDICT GARRATT, PLLC
711 Capitol Way S., Suite 602
Olympia, WA 98501
Telephone: (360) 236-9858
Facsimile: (360) 236-9860

18

**CERTIFICATE OF SERVICE**

I certify that I filed with the Court the original and served a copy of this document on all parties or their counsel of record on the date below by depositing said copies in the United States Mail, postage prepaid, addressed as follows:

DARRELL W. SCOTT
MATTHEW J. ZUCHETTO
THE SCOTT LAW GROUP
926 W. Sprague Avenue, Suite 680
Spokane, WA 99201

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this __1__ day of __October__, 2010 at Olympia, WA.

JANICE FLAHERTY

NOTICE OF REMOVAL TO FEDERAL
COURT - 3

# EXHIBIT C

COPY
ORIGINAL FILED

AUG 0 6 2010

SUPERIOR COURT
STEVEN'S COUNTY, WA

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF STEVENS

JERRY PARKINSON & LINDA ROBERTS,
individually and on behalf of a Class of
similarly situated Washington families,

                Plaintiffs,

v.

FREEDOM FIDELITY MANAGEMENT,
INC., a California corporation, d/b/a
FREEDOM FINANCIAL MANAGEMENT;
and JOHN DOES 1-5,

                Defendants.

NO. 2010 2 00404 0

CLASS ACTION COMPLAINT

## I.    INTRODUCTION

1.1    Defendants engaged in a uniform conspiratorial and predatory scheme to enrich themselves at the expense of financially strapped Washington families by violating Washington statutes designed to protect consumers from wrongful debt adjuster business practices.

1.2    Named Plaintiffs Jerry Parkinson and Linda Roberts bring this action on behalf of themselves and Classes of similarly situated Washington families for purposes of securing Class member remedies provided for in chapter 18.28 RCW and chapter 19.86 RCW and for purposes of enjoining Defendants from engaging in unfair and deceptive business practices.

CLASS ACTION COMPLAINT: 1

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE, SUITE 680
SPOKANE, WA 99201-0342
(509) 455-3966

## II.    PARTIES

2.1    **Plaintiffs Jerry Parkinson and Linda Roberts:** Plaintiffs Jerry Parkinson and Linda Roberts are domiciled in the state of Washington and residents of Stevens County. They have lived together for 18 years. Plaintiffs are typical of many Washington consumers and families that are currently financially struggling.

2.2    **Defendant Freedom Fidelity Management, Inc.:** Defendant Freedom Fidelity Management, Inc. ("FFM") is a California corporation with headquarters at 1901 East Alton Avenue, Suite 240, Santa Anna, California. FFM does business throughout the United States, including the state of Washington, under various names, including Freedom Financial Management.

2.3    Unnamed Defendants, Does 1 through 5, are additional persons, corporations, partnerships, companies or other entities who have acted or are continuing to act in concert with, in partnership with, or as agents of named Defendants, who have participated in the acts and transactions alleged in this Complaint and who have responsibility for said acts and transactions. The true names, identities, and capacities of Does 1 through 5 are presently unknown to Plaintiffs, but are the subject of discovery anticipated in this action.

## III.    JURISDICTION AND VENUE

3.1    This Court has subject matter jurisdiction over this action, because it is based upon violations of Washington debt adjuster statutes and consumer protection act.

3.2    This Court has personal jurisdiction over each Defendant. Each Defendant engaged in conduct in violation of chapter 19.86 RCW, which conduct had impact in Washington, giving rise to personal jurisdiction pursuant to RCW 19.86.160. Defendants

CLASS ACTION COMPLAINT: 2

22

1

2   regularly conduct business in Washington State. Thus, Defendants have obtained the benefits

3   of the laws of Washington as well as Washington's consumer market.

4       3.3     Venue is proper in Stevens County in that the events that gave rise to claims

5   occurred in substantial part in Stevens County and Defendants transact business in Stevens

6   County.

7

8                          IV.    FACTS

9       4.1     A large number of working Washington families are struggling to pay their

10  credit card debts because of economic forces largely beyond their control.

11      4.2     Washington has adopted statutes to protect Washington citizens from predatory,

12  unfair, and deceptive business activities by businesses that purport to assist Washington

13  residents in managing, settling, and/or paying their debts.

14      4.3     Defendants are debt adjusters that settle, adjust, prorate and/or manage the

15  indebtedness of Washington debtors for the purpose of distributing funds among creditors in

16  payment or partial payment of obligations of Washington debtors.

17      4.4     Defendants aided and abetted one another in carrying out the wrongful business

18  enterprise alleged in this Complaint directed at Washington consumers.

19      4.5     At all times material to this Complaint, Defendants were engaged in a common

20  business enterprise, such that each is the principal and agent of the other and such that each is

21  jointly and severally liable for the misconduct of the other.

22      4.6     Defendants, through the instrumentality of Freedom Fidelity Management, Inc.

23  solicited Class members' participation in Defendants' debt settlement programs using

24  standardized solicitation materials directed into Washington, which materials included a

25  standardized debt settlement agreement that identified Freedom Fidelity Management, Inc. or

CLASS ACTION COMPLAINT: 3

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE, SUITE 680
SPOKANE, WA 99201-0104
(509) 315-4321

1  one of FFM's d/b/a entities, including but not limited to Freedom Financial Management, as the

2  contracting party.

3

4       4.7     Class members, including named Plaintiffs, engaged Defendants' debt

5  adjustment services by signing and returning Defendants' standardized debt settlement

6  agreement and by thereafter making periodic debt settlement payments pursuant to that

7  agreement and by paying fees specified in that agreement.

8       4.8     In that regard, RCW 18.28.080(1) provides that a debt adjuster may not charge a

9  consumer an initial fee exceeding $25, thus ensuring that indebted consumers are not further

10  burdened with substantial debt adjuster fees until such time that debt adjusting services are

11  actually and successfully performed. RCW 18.28.080(1) prohibits debt adjusters from charging

12  excessive fees by providing that the total fee may not exceed fifteen percent (15%) of the debt

13  listed by the debtor on the contract.

14      4.9     Defendants' standardized debt settlement agreement with each Damage Class

15  member, including named Plaintiffs, provided for an initial fee that exceeded $25 and a total

16  fee that exceeded fifteen percent (15%) of the total debt listed on the contract, in violation of

17  RCW 18.28.080.

18      4.10    To protect financially vulnerable Washington citizens from the practice of

19  "front-loading" debt adjuster fees, RCW 18.28.080(1) provides that the fee retained by the debt

20  adjuster from any one payment made by a debtor may not exceed fifteen percent (15%) of the

21  payment.

22      4.11    Defendants' standardized debt settlement agreement with each Damage Class

23  member, including named Plaintiffs, provided for fees exceeding fifteen percent (15%) of the

24  individual payments made by the Class member, in violation of RCW 18.28.080.

25

CLASS ACTION COMPLAINT: 4

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE, SUITE 680
SPOKANE, WA 99201-0106
(509) 455-3966

4.12    To ensure that payments by Washington debtors are timely used to actually pay debts, RCW 18.28.110(4) provides that debt adjusters must distribute to creditors at least once each forty days after receipt of payment at least eighty-five percent of each payment received from the debtor.

4.13    As a uniform business practice common to all Damage Class members, Defendants did not timely submit payments to creditors in accordance with RCW 18.28.110(4).

4.14    Washington's intolerance of predatory fee practices by debt adjusters is made plain in RCW 18.28.090: "If a debt adjuster contracts for, receives or makes any charge in excess of the maximums permitted by this chapter, except as the result of an accidental and bona fide error, the debt adjuster's contract with the debtor shall be void and the debt adjuster shall return to the debtor the amount of all payments received from the debtor or on the debtor's behalf and not distributed to creditors."

4.15    Defendants' standardized debt settlement agreements with each Damage Class member, including named Plaintiffs, are void *ab initio*, illegal, and otherwise unenforceable pursuant to RCW 18.28.090.

4.16    Washington's strong public policy of protecting Washington consumers from debt adjuster's illegal activities is also reflected in RCW 18.28.185, which declares that any violation of chapter 18.28 RCW constitutes an unfair or deceptive business practice under chapter 19.86 RCW.

4.17    Defendants' business practices, as alleged in this Complaint, constitute unfair and deceptive business practices under chapter 19.86 RCW directed at all Class members.

4.18    RCW 18.28.190 provides that any person who violates any provision of chapter 18.28 RCW or aids or abets such violation, is guilty of a misdemeanor crime.

CLASS ACTION COMPLAINT: 5

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE, SUITE 680
SPOKANE, WA 99204-0402
(509) 455-3966

1

2    4.19    Defendants' business enterprise is criminal in nature. Defendants aided and

3   abetted one another in violating Washington's Debt Adjuster statute and otherwise carrying out

4   unfair business practices in the state of Washington.

5

6                                    V.    CLAIMS

7   A.    Violation of Washington's Consumer Protection Act.

8       5.1    Defendants are debt adjusters and otherwise engaged in debt adjusting within

9   the meaning of chapter 18.28 RCW and with respect to conduct alleged in this Complaint.

10      5.2    Defendants' business practices constitute unfair and deceptive acts or practices

11  committed in trade or commerce directed at members of the Injunctive Class and Damage

12  Class.

13      5.3    Defendants' misconduct impacts the public interest.

14      5.4    Defendants' conduct proximately caused injury or harm to named Plaintiffs and

15  members of the Damage Class in their business or property.

16      5.5    Named Plaintiffs and each Damage Class member is entitled to judgment,

17  jointly and severally as against each Defendant, for harm suffered, including but not limited to,

18  reimbursement of all sums paid under the subject debt settlement agreement less amounts paid

19  to scheduled creditors, plus pre-judgment interest, treble damages, attorney fees, and costs of

20  litigation.

21  B.    Injunctive Relief.

22      5.6    Defendants' wrongdoing is continuing in nature, representing an ongoing threat

23  to Injunctive Class members.

24      5.7    Injunctive Class members remain generally unaware that Defendants' debt

25  settlement program is illegal.

CLASS ACTION COMPLAINT: 6

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE SUITE 680
SPOKANE WA 99201-0300
(509) 455-3966

26

5.8    Defendants, on a continuing basis, are engaged in securing illegal and unowed fees from Damage Class members. Damage Class members remain unaware that the fees being paid are illegal and unowed.

5.9    Injunctive Class members and Damage Class members will suffer continuing, immediate, and irreparable injury, absent the issuance of injunctive and equitable relief.

5.10    Injunctive Class members and Damage Class members have no complete, speedy, and adequate remedy at law with respect to Defendants' continuing misconduct.

5.11    Preliminary and final injunctive relief is necessary to prevent further injury to Injunctive Class members and Damage Class members.

C.    **Class Certification.**

5.12    The claims asserted in this Complaint are brought on behalf of Classes composed of the following individuals: an Injunctive Class, being all natural persons who are residents of the state of Washington; a Damage Class, being all residents of Washington who entered into a debt settlement agreement, or like instrument with Defendants. Excluded from these Classes are Defendants and their employees.

5.13    Members of the proposed Classes are so numerous that joinder is impracticable.

5.14    There are questions of law and fact common to the Classes, including those delineated in paragraph 5.18 below.

5.15    The claims and defenses of the named Plaintiffs are typical of the claims and defenses of the proposed Classes.

5.16    Named Plaintiffs are members of the proposed Classes and will fairly and adequately protect the interests of the proposed Classes.

CLASS ACTION COMPLAINT: 7

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE, SUITE 680
SPOKANE, WA 99201-0614
(509) 455-3966

1

2       5.17   Defendants have acted or refused to act on grounds generally applicable to the

3   Classes, making final injunctive relief appropriate respecting the Classes as a whole and

4   rendering certification appropriate under CR 23(b)(2).

5       5.18   Further, core common questions of law and fact central to claims of the Classes

6   predominate over individual questions, rendering certification appropriate under CR 23(b)(3).

7   Core common questions of law and fact include:

8       a.   Whether Defendants are debt adjusters or otherwise engaged in debt

9   adjusting within the meaning of chapter 18.28 RCW;

10      b.   Whether Defendants' Debt settlement agreements with Damage Class

11  members are void *ab initio*.

12      c.   Whether Defendants are engaged in a common course of illegal conduct

13  toward the Classes by charging an initial fee of more than $25.

14      d.   Whether Defendants are engaged in a common course of illegal conduct

15  toward the Classes by charging fees in excess of fifteen percent (15%) of any one

16  payment.

17      e.   Whether Defendants are engaged in a common course of illegal conduct

18  toward the Classes by charging fees in excess of fifteen percent (15%) of total listed

19  debt.

20      f.   Whether Defendants are engaged in a common course of illegal conduct

21  by maintaining Damage Class members' debt settlement accounts in violation of RCW

22  18.28.110(4).

23      g.   Whether individual Defendants established, controlled, managed,

24  participated in, or with knowledge ratified the wrongful business practices of other

25  Defendants.

CLASS ACTION COMPLAINT: 8

h.    Whether preliminary or final injunctive relief is appropriate as to the Injunctive Class so as to protect Washington consumers from the ongoing illicit business activities of Defendants.

5.19   The class device is a superior method of adjudicating Class members' claims as compared to other available methods for fairly and efficiently adjudicating this controversy. Class members are financially distressed individuals who are unlikely to have any meaningful recourse against Defendants absent collective pursuit of their claims under CR 23. Class members are unaware that Defendants' conduct is illegal and that they have been financially victimized. The value of Damage Class members' claims, taken individually, is such that their claims have negative value and cannot, as a practical matter, be pursued on an individual basis.

## V.    DEMAND FOR RELIEF

THEREFORE, Plaintiffs, individually and as representatives of the proposed Classes, pray for relief as follows:

1.    An order certifying Class members' claims pursuant to CR 23(b)(3) and/or 23(b)(2), appointing named Plaintiffs as representatives of the proposed Classes, or such other Classes as the court may deem appropriate, and appointing undersigned counsel as Class counsel;

2.    A final order declaring Defendants' debt settlement agreements with Damage Class members void *ab initio*;

3.    A final order and/or judgment against Defendants, jointly and severally, that Damage Class members are entitled to an amount equaling all payments made, less those amounts distributed to creditors;

CLASS ACTION COMPLAINT: 9

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE, SUITE 680
SPOKANE, WA 99201-0106
(509) 455-3966

4.      An award of exemplary damages, jointly and severally, in the amount of three times the value of each payment made by a Damage Class member and not distributed to creditors;

5.      A final injunction prohibiting Defendants from engaging in further business directed at the Injunctive Class, violative of chapter 18.28 RCW or chapter 19.86 RCW;

6.      An award of prejudgment interest;

7.      An award of costs of litigation;

8.      An award of attorney fees pursuant to chapter 19.86 RCW; and

9.      Such other and further relief as the Court deems just or equitable.

DATED this _5_ day of August, 2010.

THE SCOTT LAW GROUP, P.S.

By:_____
DARRELL W. SCOTT, WSBA #20241
MATTHEW J. ZUCHETTO, WSBA #33404
926 W. Sprague Avenue, Suite 680
Spokane, Washington 99201
Telephone: (509) 455-3966

Attorneys for Plaintiffs

CLASS ACTION COMPLAINT: 10

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE, SUITE 680
SPOKANE, WA 99201
(509) 455-3966

COPY
ORIGINAL FILED

AUG 0 6 2010

SUPERIOR COURT
STEVEN'S COUNTY, WA

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF STEVENS

JERRY PARKINSON & LINDA ROBERTS,
individually and on behalf of a Class of
similarly situated Washington families,

                        Plaintiffs,

v.

FREEDOM FIDELITY MANAGEMENT,
INC., a California corporation, d/b/a
FREEDOM FINANCIAL MANAGEMENT;
and JOHN DOES 1-5,

                        Defendants.

NO. **2010 2 00404 0**

SUMMONS

TO DEFENDANT FREEDOM FIDELITY MANAGEMENT, INC., a California

corporation, d/b/a FREEDOM FINANCIAL MANAGEMENT:

    A lawsuit has been started against you in the above-entitled Court by JERRY

PARKINSON and LINDA ROBERTS, individually and on behalf of a Class of similarly

situated Washington residents, Plaintiffs. Plaintiffs' claim is stated in the written Complaint, a

copy of which is served upon you with this Summons.

    In order to defend against this lawsuit, you must respond to the Complaint by stating

your defense in writing, and by serving a copy upon the person signing this Summons, within

sixty (60) days after the service of this Summons, excluding the day of service, or a default

SUMMONS: 1

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE, SUITE 680
SPOKANE, WA 99201-0619
(509) 455-3966

9/1/10

judgment may be entered against you without notice. A default judgment is one where Plaintiff
is entitled to what he asks for because you have not responded. If you serve a Notice of
Appearance on the undersigned person, you are entitled to notice before a default judgment
may be entered.

You may demand that the Plaintiffs file this lawsuit with the Court. If you do so, the
demand must be in writing and must be served upon the person signing this Summons. Within
fourteen (14) days after you serve the demand, the Plaintiffs must file this lawsuit with the
Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly
so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the
State of Washington.

DATED this ___ day of August, 2010.

THE SCOTT LAW GROUP, P.S.

By_____
DARRELL W. SCOTT, WSBA #20241
MATTHEW J. ZUCHETTO, WSBA #33404
926 W. Sprague Avenue, Suite 680
Spokane, Washington 99201
Telephone: (509) 455-3966

Attorneys for Plaintiffs

SUMMONS: 2

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE, SUITE 680
SPOKANE, WA 99201-0406
(509) 455-3966

32

Acct # 219812

 **THE COMPANY CORPORATION**

Class Action

## Notice of Service of Process

WAS / ALL
Transmittal Number: 7987508
Date Processed: 09/02/2010

| | |
|---|---|
| Primary Contact: | Mr. Frank Cotroneo<br>Mr. Frank Cotroneo<br>3337 South Bristol St<br>Suite 156<br>Santa Ana, CA 92704 |
| Entity: | Freedom Fidelity Management Inc.<br>Entity ID Number 2703096 |
| Entity Served: | Freedom Fidelity Management, Inc., d/b/a Freedom Financial Management |
| Title of Action: | Jerry Parkinson vs. Freedom Fidelity Management, Inc., d/b/a Freedom Financial Management |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Stevens County Superior Court, Washington |
| Case Number: | 2010 2 00404 0 |
| Jurisdiction Served: | California |
| Date Served on TCC: | 09/01/2010 |
| Answer or Appearance Due: | 60 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Darrell W. Scott<br>509-455-3966 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to The Company Corporation
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

33