UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JERRY PARKINSON & LINDA ROBERTS, individually and on behalf of a Class of similarly situated Washington families,

    Plaintiffs,

v.

FREEDOM FIDELITY MANAGEMENT, INC., a California corporation, d/b/a/ FREEDOM FINANCIAL MANAGEMENT, and JOHN DOES 1-5,

    Defendants.

NO.  CV-10-345-RHW

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Before the Court is Plaintiffs' Motion for Class Certification (ECF No. 75). The motion was heard without oral argument.

    Plaintiffs are bringing suit against Defendants for violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86, and the Washington Debt Adjusting Statute, Wash. Rev. Code § 18.28.  Plaintiffs seek to certify this matter as a class action designating a class composed of 276 Washington residents who entered into "Debt Settlement Programs" and signed "Service Agreements" with Defendants to purportedly settle their unsecured credit card debt.  Plaintiffs also seek appointment of Jerry Parkinson and Linda Roberts as Class Representatives and designation of Darrell Scott and Matthew Zuchetto as class counsel.

///

**ORDER GRANTING PLAINTIFFS'  MOTION FOR CLASS CERTIFICATION~ 1**

# BACKGROUND FACTS

In their Amended Complaint, Plaintiffs allege that Defendants solicited Plaintiffs' participation in its debt settlement programs using solicitation materials that included a standardized debt settlement agreement that identified Freedom Fidelity Management, Inc. or one of its d/b/a/ entities, as the contracting party. Plaintiffs engaged Defendant's debt adjustment services by signing and returning Defendants' standardized debt settlement agreement and thereafter making periodic debt settlement payments pursuant to the agreement and by paying fees specified in that agreement. According to Plaintiffs, Defendants' standardized debt settlement agreements provided for an initial fee that exceeded $25 and a total fee that exceeded fifteen percent of the total debt listed on the contract, in violation of Wash. Rev. Code § 18.28.080. Additionally, the agreements provided for fees exceeding fifteen percent of the individual payments made by Plaintiffs, in violation of section 18.28.080. Plaintiffs also maintain that Defendants did not timely submit payments to creditors in accordance with Wash. Rev. Code § 18.28.110(4).

# ANALYSIS

In ruling on a Motion for Class Certification, a district court must conduct a rigorous analysis of the prerequisites established by Fed. R. Civ. P. 23 before certifying a class. *General Tele. Co. v. Falcon*, 457 U.S. 147, 161 (1982). To obtain class certification, Plaintiffs must establish the four elements of Rule 23(a) and one of three requirements of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S.Ct. 2541, 2548 (2011).

Fed. R. Civ. P. 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION~ 2**

(4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiffs seek certification under Rule 23(b)(3), which provides:

A class action may be maintained if Rule 23(a) is satisfied and if:
(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.

**A.     Fed. R. Civ. P. 23(a)**

**1.     Numerosity**

Rule 23(a)(1) provides that one or more members of a class may sue as representative parties on behalf of all members where the class is so numerous that joinder of all members are impracticable.

Here, there is a proposed class of 276 Washington residents who signed service agreements to settle their debt from 2008 to present. The Court finds that Plaintiffs have met the numerosity requirement.

**2.     Common Questions of Law and Fact**

Rule 23(a)(2) is satisfied if the actions present questions of law and fact common to the class. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart*, 131 S.Ct. at 2551. "This does not mean merely that they have all suffered a violation of the same provision of law." *Id.* Rather, the class members' claims must depend upon a common contention that is of such a nature that it is capable of classwide resolution, that is that the "determination of its truth of falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION~ 3**

Plaintiffs assert the following questions of law and fact are common among the proposed class:

> 1. Whether Defendants are debt adjusters or otherwise engaged in debt adjusting within the meaning of Wash. Rev. Code § 18.28;
>
> 2. Whether Defendants' debt settlement agreements with proposed class members are void *ab initio*;
>
> 3. Whether Defendants are engaged in a common course of illegal conduct toward the proposed class members by charging an initial fee of more than $25;
>
> 4. Whether Defendants are engaged in a common course of illegal conduct toward the proposed class members by charging fees in excess of fifteen percent of any one payment;
>
> 5. Whether Defendants are engaged in a common course of illegal conduct toward the proposed class members by charging fees in excess of fifteen percent of the total listed debt;
>
> 6. Whether Defendants are engaged in a common course of illegal conduct by maintaining proposed class members' debt settlement accounts in violation of Wash. Rev. Code § 18.28.110(4);
>
> 7. Whether individual Defendants established, controlled, managed, participated in, or with knowledge ratified the wrongful business practices of other Defendants; and
>
> 8. Whether preliminary or final injunctive relief is appropriate as to the proposed class so as to protect Washington consumers from the ongoing illicit business activities of Defendants.

(ECF No. 50 at 13-14).

Here, the common question of law and fact is whether the fees charged and collected were in violation of the statute. The answer to this question can be resolved on a classwide basis. As such, the Court finds that Plaintiffs have met the commonality requirement.

**3.    Typicality**

Plaintiffs must show that "the claims or defenses of the representative parties be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION~ 4**

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (citing *Hanlon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.*

Here, Plaintiffs has show that their claims are typical of the claims of all other class members and present the same core common questions of fact and law in that they challenge the legality of the debt adjuster fee practices and seek common class-wide relief.

### 4. Adequate Representation

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R .Civ. P. 23(a)(4). This factor requires: (1) that the proposed representative plaintiffs do not have conflicts of interest with the proposed class, and (2) that plaintiffs are represented by qualified and competent counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Amchem*, 521 U.S. at 626 (citations omitted).

Defendants have not suggested that any conflict of interest exists between the named-class representatives and other class members. Plaintiffs' interests and injuries are the same as the other proposed class members. Counsel has previously been appointed as class counsel in a similar action in this District. *See Carlsen v. Freedom Debt Relief, LLC,* CV-09-55-LRS, 2010 WL 1286616, at *11 (E.D. Wash. Mar. 26, 2010). The Court finds that Plaintiffs have met the adequate representation requirement.

### B.   Fed. R. Civ. P. 23(b)(3)

In order to meet Rule 23(b)(3) requirements, Plaintiffs must show both predominance and superiority of a class action. In order to satisfy the predominance test, Plaintiffs must show that the adjudication of common issues

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION~ 5**

will help achieve judicial economy. *Zinser v. Accufix Research Insts., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001). In considering superiority, courts must consider the four factors of Rule 23(b)(3) while focusing on the efficiency and economy elements of the class actions. *Id.* Class action may be appropriate where damages suffered by each putative class members are not large. *Id.* at 1190.

Here, the underlying claims are based on standard debt reduction agreements that Defendants entered into with the proposed class members and the claim that these agreements violated Washington law. These claims would predominate over any individual claims against the Defendants. Resolution of the legality of the standard debt reduction agreements would result in judicial economy because this issue is capable of being resolved in a single action. In addition, Plaintiffs have shown that a class action is superior to individual lawsuits in resolving their claims. The amount that could be recovered by a particular plaintiff would be too small to justify individual actions by the individual litigants.

**C.  Class Definition**

In response to the Court's order, Plaintiffs submitted a Proposed Class Definition.

> All natural persons who were residents of the state of Washington at the time of their entering into a "Service Agreement" or "Client Agreement" with Freedom Fidelity Management, Inc. "Service Agreement' or "Client Agreement" means the standardized forms of contract substantially identical to Exhibits A, B, and C.

(ECF No. 91).

According to Plaintiffs' Amended Complaint, Defendants' debt settlement venture began in approximately 2008 (ECF No. 50, ¶ 6).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Class Certification (ECF No. 75) is **GRANTED**.

2. The Court certifies the following Fed. R. Civ. P. 23(b)(3) class:

> All natural persons who were residents of the state of Washington at the time of their entering into a "Service Agreement' or "Client Agreement" with Freedom Fidelity Management, Inc.

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**~ 6

3. The Court designates named Plaintiffs Jerry Parkinson and Linda Roberts as class representatives.

4. Darrell Scott and Matthew Zuchetto are appointed as class counsel pursuant to Fed. R. Civ. P. 23(g).

5. Within ten (10) days from the date of this order, class counsel will serve and file a proposed "Notice" to class members for the court's review and approval. This "Notice" will comply with the requirements of Fed. R. Civ. P. 23(c)(2)(B).

6. Defendants will have ten (10) days from service of the proposed "Notice" to serve and file any objections to the same.

7. Class counsel will have five (5) days from service of any objections to serve and file any reply to the same.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Defendants Phan, Alliance8, and Freedom Fidelity Management, Inc.

**DATED** this 10th day of January, 2012.

  *s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\aCIVIL\2010\Parkinson\classcert.wpd

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION~ 7**